RECEIVED
IN ALEXANDRIA, LA
MAY 23 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **LOVE ALTONIO BROOKS** | **CIVIL ACTION NO. 07-131** |
| **VERSUS** | **JUDGE DRELL** |
| **WARDEN FREDERICK MENIFEE, ET AL** | **MAGISTRATE JUDGE KIRK** |

---

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint filed by *pro se* plaintiff, Love Altonio Brooks, pursuant to 42 U.S.C. §1983 and Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1]. Plaintiff is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), and he is incarcerated at U.S. Penitentiary Pollock in Pollock, Louisiana ("USP-P). He seeks thirty million dollars in damages due to an alleged violation of his civil rights.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to 28 U.S.C. § 626 and the standing orders of this Court.

## FACTUAL BACKGROUND AND LEGAL ANALYSIS

Plaintiff argues that the defendants violated his constitutional rights by allowing him to be exposed to environmental tobacco smoke. According to his petition and exhibits:

- On February 11, 2005, Plaintiff filed a grievance regarding second hand cigarette

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983. See Zuspann v. Brown, 60 F.3d 1156, 1157 n. 2 (5th Cir.1995).

smoke.

- Plaintiff's grievance was finally denied on December 8, 1995 by the Central Office; the denial referred Plaintiff to Program Statement 1640.04, which prohibits smoking in all indoor housing units. Thus, Plaintiff was encouraged to contact staff if he observed violations of the no-smoking policy. [Doc. #1-3, p.13]
- Plaintiff submitted to the court medical records from 2005 wherein he sought treatment for nausea and sore throat, which he believed was caused by second hand cigarette smoke. [Doc. #1-3, p.3]
- February 1, 2006 was the last day of tobacco sales at USP-P. [Doc. #1-3, p.15].

While Plaintiff's grievance was filed in February 2005 and finally denied on December 8, 2005, Plaintiff did not file the instant lawsuit until January 19, 2007 (the complaint is signed and dated January 16, 2007). The applicable prescriptive period (statute of limitations) for a § 1983 claim in Louisiana is one year. See La. Civ. Code Ann. art. 3492; Rivera v. Baton Rouge City Police Dep't, 75 Fed. Appx. 287, 288 (5th Cir. 2003)(citing Elzy v. Roberson, 868 F.2d 793, 794-95 (5th Cir. 1989)). The Fifth Circuit qualified this prescriptive period when it held that "a section 1983 action accrues and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis for the action." Watts v. Graves, 720 F.2d 1416, 1417 (5th Cir. 1983). However, prescription on the prisoner's claim is tolled while the administrative remedy procedure ("ARP") is pending. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999); Hogan v. Dean, 2006 U.S. Dist. LEXIS 94736 (W.D. La. 2006).

Plaintiff obviously knew of the alleged injury when he filed an ARP in February 2004. However, the filing of the ARP tolled prescription while the administrative proceeding was pending.

Still, Plaintiff's complaint was filed more than one year from the date prescription began to run after the final administrative denial. Consequently, Plaintiff's complaint lacks an arguable basis in law and is frivolous. Neitzke v. Williams, 490 U.S. 319 (1989).

Therefore,

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as time-barred, and therefore frivolous, pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this 23rd day of May, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE