RECEIVED
APR 14 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LOVE ALTONIO BROOKS | CIVIL ACTION NO. 07-131 |
| VERSUS | JUDGE TRIMBLE |
| FREDRICK MENIFEE, KENNETH MONTGOMERY and S. AIRINGTON | MAGISTRATE JUDGE KIRK |

### MEMORANDUM ORDER

Before the court is Plaintiff's Motion to Vacate Judgment, now fully briefed by the parties.[1] Plaintiff's motion asserts that it was error for this court to conduct a bench trial in the above-captioned civil rights matter because Plaintiff did not knowingly waive his right to a jury trial. Plaintiff seeks an order from this court vacating its judgment on Plaintiff's claims and, the court assumes, resetting the matter for trial by jury.[2]

Plaintiff cites <u>Jennings v. McCormick</u>[3] as authority that, a pro se party does not waive his right to a jury trial even when he participates in a bench trial without objection. Plaintiff alleges that Jennings applies in this matter, asserting that Defendants' withdrawal of their jury demand did not alert him to his own right to make a jury demand.[4] Plaintiff further alleges that he was unaware that he could object to proceeding as a bench trial once it was ordered by the court and this court failed to apprise him of that right.[5]

---

[1] R. 129.
[2] Id.
[3] 154 F.3d 542 (5th Cir. 1998).
[4] R. 129 at p. 2.
[5] Id.

As pointed out by Defendants, Jennings differs from the instant case in at least one crucial way: the pro se litigant in Jennings made a jury demand. In that case, the parties were presented with a form entitled "Consent to Jurisdiction by a United States Magistrate Judge," which the Jennings signed. Shortly after the defendant in that case filed its answer, Jennings filed a written jury demand, which the Magistrate Judge disregarded. Jennings participated in the bench trial and no mention was made of Jennings' request for a jury trial, either by the court, or by Jennings himself. The Fifth Circuit held that Jennings' signature on the consent to proceed before the Magistrate Judge form did not constitute a knowing waiver of jury trial because the form did not contain sufficient information to apprize Jennings that by consenting to Magistrate Judge jurisdiction, he was effectively waiving his right to jury trial.[6] The court further held that Jennings made a timely jury demand which was never withdrawn and, for that reason, his participation in the bench trial without objection did not constitute waiver.[7]

The case at bar differs substantially. Plaintiff Brooks made no demand for jury trial in his complaint.[8] Though jury demand was initially made by Defendants in their answer, it was later withdrawn on the record with notice to Plaintiff.[9] The trial was continued and the new bench trial date, December 3, 2012, was announced to the parties via "Notice of Continuance" issued January 30, 2012.[10] A minute entry was also issued on August 15, 2012, specifying that "[t]he bench trial in this matter scheduled for December 3, 2012 will be held in the 3rd Floor Courtroom, Alexandria, Louisiana, beginning at 9:30 A.M."[11] The bench trial was conducted

---

[6] 154 F.3d at 545-46.
[7] Id.
[8] R. 1.
[9] R. 50, 79.
[10] R. 81.
[11] R. 87.

2

December 3 – 4, 2012, during which Plaintiff made no objection to the conduct of the proceeding as a bench trial.

Defendants also assert that Plaintiff has, since, appealed the court's verdict to the U.S. Fifth Circuit Court of Appeals and, during that appeal, failed to raise the issue of jury waiver.[12]

Fed. R. Civ. P. 38 operates to preserve the right to a jury trial as provided in the Seventh Amendment and federal statutes. A party may demand a jury trial "on any issue triable of right by a jury" by "serving the other parties with a written demand – which may be included in a pleading – no later than 14 days after the last pleading directed to the issue is served; and…filing the demand in accordance with Rule 5(d)…A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent."[13]

In light of the facts before the court, the issue presented is not one of waiver of right to trial by jury by the Plaintiff, but, rather, whether or not Plaintiff's actions constitute "consent" to Defendants' withdrawal of jury demand under Rule 38. We believe Plaintiff's actions do constitute such consent. Reviewing the record in this matter, Plaintiff was informed of Defendant's withdrawal of jury demand on or about January 3, 2012.[14] Defendants' Notice of Withdrawal of Jury Demand states plainly that "they desire to withdraw their request for a jury and seek trial before the district court" and asks that the court "re-set the trial as a bench trial[.]"[15] At no time in the nearly twelve months between the withdrawal of Defendants' jury demand and the trial of this matter did Plaintiff express the desire to proceed with a jury trial,

___

[12] R. 132 at p. 4.
[13] Fed. R. Civ. P. 38(a),(b), (d).
[14] R. 79.
[15] Id.

despite making several filings before the court after notice of the jury demand withdrawal.[16] Similarly, Plaintiff participated in the two-day trial of this matter, never once objecting to the absence of a jury and did not raise the issue in his post-trial brief.[17] Again, Defendants also point out that Plaintiff failed to raise this issue in his appeal before the Fifth Circuit Court of Appeals.[18] Under these facts, we find no merit in Plaintiff's contention that he did not consent to a bench trial and sense that Plaintiff's argument that he would have demanded trial by jury had he known of his rights, raised approximately nineteen months after the conclusion of the trial at issue and only after an unsuccessful appeal on the merits, is merely Plaintiff's latest attempt at another bite at the apple.

Plaintiff's motion for relief is **DENIED** in all respects.

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 14th day of April, 2015.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[16] See, e.g., R. 80, 85.
[17] R. 108, 108-1, 109, 114.
[18] R. 132 at p. 4.